Dear Mr. Holcomb:
This is in response to your letter of July 13, 1987, requesting an opinion from this office.
Without referring to a specific fact situation, you pose the following questions:
 Who has ownership and/or jurisdiction of the land lying alongside and adjacent to the Mississippi River at low water?
Generally speaking, the banks of navigable rivers or streams are private things that are subject to public use f or certain purposes. The bank is the land lying between the ordinary low and the ordinary high stage of the water. Where there is a levee in proximity to the water, established according to law, the levee forms the bank and a riparian owner would have ownership rights to "ordinary low water." See Louisiana Civil Code Art. 456.
The private right of ownership and use is subject to public use, which includes the exercise of authority by levee boards, port commissions and even municipalities, within the limits of their respective jurisdictions for authorized purposes. Additionally, the U.S. Army Corps of Engineers has extensive statutory authority along navigable rivers or streams. See Louisiana Civil Code Art. 460; River and Harbor Act of 1899, Section 10; Clean Water Act, Section 404; and Marine, Protection, Research and Sanctuaries Act, Section 103. Under these latter laws, activities in or affecting navigable waters require permits pursuant to federal law, including such activities as the discharge and transportation of dredged or fill materials, and other activities affecting navigable waters of the United States.
You have also asked as follows:
 How far inland, on either side, of the water's edge does federal jurisdiction extend?
Generally speaking, federal authority is exercised along the Mississippi River in connection with the activities of the U.S. Army Corps of Engineers, which is concerned principally with navigation, flood control and drainage activities affecting navigable waters of the United States. This authority is generally exercised to the water's edge in the case of levees along the Mississippi. However, in the case of waterways which empty into the Mississippi River and in the case of activities inland which have an impact on the Mississippi River, the Corps may exercise its authority beyond the waters edge to the location of the activity having impact on navigable waters and where wetland areas are concerned.
I have enclosed a copy of Opinion No. 86-778 which explores the area of public access to levee and batture lands along rivers and cites several pertinent statutes, code articles and a court case interpreting the laws.
I hope that this information is of value to you and if we may be of further help, please call upon us.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ GARY L. KEYSER Assistant Attorney General
GLK/jb
OPINION NUMBER 82-102
February 22, 1982
The public has a right to use only navigable waterbodies; no such right exists in relation to non-navigable waterbodies. Non-navigable rivers or streams are privately owned and the owners may preclude public passage thereon.
If the particular body of water is capable of being used in commerce, it should be considered to be navigable body of water.
Ms. Elizabeth A. Griffin Attorney Department of the Army New Orleans District Corps of Engineers Post Office Box 60267 New Orleans, Louisiana 70160